

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LYNDTH HUNTER and MARSHA PARADIS, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>RAINTREE VILLAGE HOMEOWNER'S )<br>ASSOCIATION, INC., JIM CURLEY )<br>PROPERTIES, WHEELER PROPERTY )<br>MANAGEMENT, INC., NANCY WARE, )<br>DARE KEECH, JANICE BRADFORD, )<br>ALMISE DERILUS, and PATRICIA DRAPER, )<br>)<br>Defendants. )<br>) | Case No. 3 07 0644<br><br>Honorable JUDGE HAYNES<br><br>JURY DEMAND |

## COMPLAINT FOR DECLARATORY JUDGMENT,
## PERMANENT INJUNCTIVE RELIEF AND DAMAGES

1. This is an action for declaratory judgment, permanent injunctive relief, and damages for Defendants' violation of 42 USCS § 3617 of the Fair Housing Amendments Act of 1988 and violation of Tennessee common laws for breach of contract and intentional infliction of emotional distress

Defendants have threatened, coerced, intimidated and interfered with Mrs. Hunter and Ms. Paradis for installing windows and Plexiglas thermal window covers as required by Metropolitan Development and Housing Agency which were installed as an accommodation for Paradis's total and permanent disability and, further, violated terms and conditions set out in the Master Deed and By-Laws of the Raintree Village Home Owners Association. Also, Defendants have repeatedly come onto Mrs. Hunter's property to make photographs and have severely disrupted Mrs. Hunter's and Ms. Paradis's lives causing them severe emotional distress.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 to hear Plaintiff's claims under the laws of the United States, and under 42 U.S.C. §3643 to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

3. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. §1367 as the other claims are so related to claims in the action within original jurisdiction that they form a part of the same case of controversy.

4. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. §1391(b)(2) as this is the judicial district in which a substantial part of the events or omission giving rise to this claim occurred. Additionally, the defendants to this action conduct business in this district under 28 U.S.C. §1391(c). Moreover, the Defendants are residents of this district; thus jurisdiction is appropriate under provisions of 28 U.S.C. §1391(b)(1).

5. This claim is properly brought in the Middle District of this Court at Nashville pursuant to 28 U.S.C. §123 and LR 77.01.

## PARTIES

6. LYNDTH HUNTER, is a retired school teacher, a resident of Fort Payne, Alabama, and owns the condominium unit commonly know as 422 Raintree Place, Hermitage, TN 37076 which is located in Raintree Village.

7. MARSHA PARADIS is Mrs. Hunter's daughter and rents the condominium at 422 Raintree Place, Hermitage, Tennessee; and it is her sole residence.

8. Upon information obtained from the Tennessee Secretary of State and belief, RAINTREE HOMEOWNER'S ASSOCIATION, INC. is an active Tennessee corporation, ID 0082447, whose principal place of business is 177 Belle Forest Circle, Nashville, TN. This Defendant's registered agent is Jim Curley.

9. Upon information and belief, JIM CURLEY PROPERTIES is a fictitious name used by MR. JIM CURLEY who is now or has been employed by RAINTREE HOMEOWNER'S ASSOCIATION, INC. as property manger.

10. Upon information obtained from the Tennessee Secretary of State and belief, WHEELER PROPERTY MANAGEMENT, INC. is an active Tennessee corporation, ID 0413947, whose principal place of business is 4800 Quail Hollow, Old Hickory, Tennessee 37138, who is now or has been employed by RAINTREE HOMEOWNER'S ASSOCIATION, INC. as property manger.

11. Upon information and belief, Defendant NANCY WARE is a member of the Board of Directors of RAINTREE HOMEOWNER'S ASSOCIATION, INC., and is

individually named on the basis that she failed to abide by the Master Deed and By-Laws of the Association.

12. Upon information and belief, Defendant JANICE BRADFORD is a member of the Board of Directors of RAINTREE HOMEOWNER'S ASSOCIATION, INC., and is individually named on the basis that she failed to abide by the Master Deed and By-Laws of the corporation.

13. Upon information and belief, Defendant ALMISE DERILUS is a member of the Board of Directors of RAINTREE HOMEOWNER'S ASSOCIATION, INC., and is individually named on the basis that she failed to abide by the Master Deed and By-Laws of the Corporation.

14. Upon information and belief, Defendant DARE KEECH is a member of the Board of Directors of RAINTREE HOMEOWNER'S ASSOCIATION, INC., and is individually named on the basis that she failed to abide by the Master Deed and By-Laws of the Corporation.

15. Upon information and belief, Defendant PATRICIA DRAPER is or has been a member of the Board of Directors of RAINTREE HOMEOWNER'S ASSOCIATION, INC., and is individually named on the basis that she failed to abide by the Master Deed and By-Laws of the corporation.

## FACTS

16. Mrs. Lyndth Hunter owns the condominium unit, commonly known as 422 Raintree Place, Hermitage, Tennessee.

17. Ms. Marsha Paradis rents and resides in the subject property.

18. Ms. Paradis was injured in October 2000 and was determined by the Social Security Administration to be totally and permanently disabled since 2001.

19. Ms. Paradis's disability limits her income to less than $800.00 per month

20. Ms. Paradise suffered permanent injuries to her spine that continue to worsen over time resulting in her occasional but increasing use of a wheelchair.

21. In the summer of 2006, Ms. Paradis applied for HUD Section 8 housing assistance.

22. Ms. Paradis's application for Section 8 housing assistance was approved by the Metropolitan Development and Housing Agency of Nashville and Davidson County contingent upon the subject property's ability to meet minimum Section 8 Housing Quality Standards.

23. In August 2006, the Metropolitan Development and Housing Agency reported that 422 Raintree Place did not meet the Section 8 Housing Quality Standards. *Inter alia*, the inspection revealed that the windows located in the left-front and the left-rear bedrooms were not sufficiently wide to allow emergency egress. Also, the unit required double pane glazing or Plexiglas thermal barriers over all external windows and doors. All of the required remedies had to be completed within 30 days for Ms. Paradis to maintain her application for housing assistance.

24. In compliance with 42 U.S.C. § 3604(f), Mrs. Hunter caused the bay windows with a 12" wide top air vent to be replaced with 20" wide by 24" high windows as required by the Section 8 Housing Quality Standards in accordance with International Residential Building Code, Section 1025.2, as adopted by Davidson County.

25. DEFENDANT, WHEELER PROPERTY MANAGEMENT, INC., [hereinafter Wheeler] reported to Mrs. Hunter that a member of the Board of Directors of the Raintree Village Home Owners Association, Inc. [hereinafter Raintree] objected to the replacement of the bay windows at her unit at 422 Raintree.

26. Mrs. Hunter replied to Wheeler and the Raintree Board on September 1, 2006, stating:

    a) the replacements were required by HUD;

    b) the replacements did not constitute structural modifications; and

    c) acknowledged receipt of payment of her labor expenses for the installation of new trim on the unit's siding; and

27. On September 1, 2006, Mrs. Hunter faxed a request to speak at the September meeting of the Board.

28. In a letter dated September 6, 2006, Defendant, WHEELER informed Hunter that:

    a) "The federal government entity, Housing and Urban Development ("HUD") does not dictate the architectural design of Raintree Village";

    b) that "Due to the *appearance* of the colonial style windows the Board [of the Raintree Homeowners Association] voted unanimously that they be replaced";

    c) "The Board suggests that you look at the windows installed at unit 417";

    d) that the mismatched windows would decrease the value of all the homeowners' property; and

  e) that Mrs. Hunter had 10 days in which to inform the Board in writing of her plan and timeframe to correct these problems

29. Defendants failed to inform Mrs. Hunter of the time or place of the Board meeting at which the vote reported in Wheeler's letter of September 6 was held.

30. Mrs. Hunter examined the windows at Unit 417 and determined that they are 14" wide and, therefore, do not meet International Residential Building Code, Section 1025.2 [Davidson County Residential Code Section R310.1.3.]

31. On September 12, 2006, Mrs. Hunter responded to Wheeler's letter of September 6 reiterating that the replacement of the windows in her unit were not structural changes and stating that the Board was limited in their actions by Article V, Section 2 of the By-Laws of Raintree that states, "The Board of Directors shall have the powers and duties necessary for the administration of the affairs of the Association and may do all such acts and things as are not by law or by these By-Laws prohibited."

32. During this time period Defendants came onto Mrs. Hunter's property to make photographs and these actions were considered threatening by Ms. Paradis.

33. Mrs. Paradis posted "No Trespassing" signs in a few places on her property to attempt to keep these unwarranted intrusions from continuing.

34. In early September, RAINTREE HOMEOWNER'S ASSOCIATION, INC., caused the parking place assigned to Unit 422 to be reassigned without notice to Ms. Paradis.

35. Ms. Paradis's parking place had been located at the end of the parking area and afforded her wheelchair access

36. On October 24, 2006, JIM CURLEY threatened Mrs. Hunter in a telephone conversation stating, "Your windows have got to go! I will send this to you in writing; you will have 10 days to remove the windows, or we will send a crew in to remove them at your expense."

37. In October and November, 2006, Mrs. Hunter made a direct appeal to the individual members of the Raintree HOA in attempt to exercise the power of the home owners to overturn an action of the Board.

38. On November 15, 2006, Mrs. Hunter presented 34 signed ballots to the Board, representing 63% of the 54 home owners, requesting that the Board rescind their decision to remove Mrs. Hunter's new windows and to restore the parking place customarily reserved for Unit 422.

39. Janice Bradford refused to accept the ballots presented November 15, 2006

40. In a letter dated November 21, 2006, Defendant CURLEY PROPERTIES [hereinafter Curley] informed Mrs. Hunter that the Board had voted to impose a fine of $10.00 per day, retroactive to September 12, 2006, until the replacement windows in Unit 422 had been replaced.

41. On December 14, 2006, the Department of Codes Administration, Metropolitan Government of Nashville and Davidson County informed Defendant CULEY that the International Residential Building Code required second floor bedrooms to have minimum dimensions of 20" wide by 24" high.

42. In November-December the Board of Directors published in the Raintree Village Homeowners Association Newsletter that the tenant of Unit 422 had applied for Section 8 housing assistance.

43. Mrs. Hunter has continuously attempted to negotiate with the Board and exercise her rights as a home owner under the By-Laws of the Association to no avail

44. On June 8, 2007, the Board sent notice to Mrs. Hunter that she owed $3,260 including late fees and that effective June 15, 2007 she would be fined an additional $10.00 a day for failing to remove the Plexiglas thermal barrier on the windows and additional $10.00 a day for each of the "illegally displayed" signs on her unit.

45. As a direct and proximate result of the acts of Defendants, Plaintiff, Lyndth Hunter, suffered the following injuries and damages:

    a) severe emotional stress that required medical attention;

    b) extraordinary expense in travel, meals, lodging to attempt to exercise her rights and the rights of her disabled daughter, Plaintiff, Marsh Paradis;

    c) costs of legal assistance; and

    d) assessment of fines levied upon her property.

46. As a direct and proximate result of the acts of the Defendants, Plaintiff Marsha Paradis has suffered the following injuries and damages:

    a) humiliation due to public disclosure of her status as an applicant for Section 8 housing assistance;

    b) interference with her customary parking place as a result of retaliatory acts by the Defendants; and

    c) severe emotional stress that has required medical attention.

Therefore, Plaintiffs seek recovery in the amount of $180,000, plus prejudgment interest, plus attorney's fees and costs, plus postjudgment interest, and any other form of relief which this Court deems just and proper.

- 9 -
Case 3:07-cv-00644   Document 1   Filed 06/15/07   Page 9 of 11 PageID #: 9

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. That this Honorable Court declare the actions of the Defendants complained of herein to be in violation of 42 USCS § 3617 of the Fair Housing Amendments Act of 1988;

2. That this Honorable Court declares the actions of the Defendants complained of herein to constitute a breach of contract;

3. That this Honorable Court declares the actions of the Defendants complained of herein to constitute an intentional infliction of emotional distress;

4. That the Defendants be enjoined to take appropriate affirmative actions to ensure that the activities complained of above are discontinued by its managers, principals and agents;

5. That the Defendants be enjoined to replace all windows and doors within the Raintree Village to meet current safety codes;

6. That the Defendants be enjoined to release Plaintiffs and Unit 422 from all fines, penalties, fees, liens and any other sort or interference with their quiet enjoyment of the property assessed respecting the installation of the replacement windows, doors, Plexiglas thermal window covers and signage posted on the property.

7. That appropriate compensatory, special and punitive damages be awarded to Plaintiff and against Defendants;

8. The Defendants be required to pay Mrs. Hunter the entire cost of the corrections and improvements made to unit 422 to comply with Metropolitan Development and Housing Agency;

9. That the Defendants be required to undertake training in compliance with the Fair Housing Amendments Act and conducted by the Disability Law and Advocacy Center of Tennessee;

10. That the Plaintiffs be awarded costs and reasonable attorney fees in this action; and

11. That the Plaintiffs be awarded such other and further relief as the Court deems just and proper.

Respectively submitted,

Fred August Dusel III (BPR#022074)
Attorney for the Plaintiffs
800 Hillwood Boulevard
Nashville, Tennessee 37209
(615) 354-810